

FILED
MAY -9 2011
CLERK, US DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

SHIRLEY A. WESTVEER,
 Administrator Personal Representative of the
 Estate of Arthur E. Westveer, Jr.

    Plaintiff,

v.

    Case No.: 2:11cv255

GARRISON PROPERTY & CASUALTY
INSURANCE COMPANY,

Serve:
    Registered Agent
    CT Corporation System
    4710 Cox Road, Suite 301
    Glen Allen, VA 23060-6802

    Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, Shirley A. Westveer, Administrator of the Estate of Arthur E. Westveer, Jr., deceased, and for her Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201 *et seq.* against Garrison Property & Casualty Insurance Company ("Garrison"), states as follows:

## I.
## PARTIES

1. Shirley A. Westveer is a resident and citizen of the Commonwealth of Virginia, who at all relevant and material times resided in Spotsylvania County, Virginia. By Certificate/Letter of Qualification dated February 7, 2011, issued by the Circuit Court of Spotsylvania County, Virginia, Mrs. Westveer duly qualified as the Administrator ("Administrator") of the Estate of Arthur E. Westveer, Jr. ("Decedent") to pursue a wrongful death and/or survivorship cause of action. **Exhibit 1**. At all times material hereto, including at

the time of filing this action, both the Administrator and the Decedent were residents and citizens of the Commonwealth of Virginia.

2. At all times relevant to this proceeding, including at the time of filing this action, Garrison was and is a stock insurance corporation organized and existing under the laws of the State of Texas, with its principal place of business in San Antonio, Texas.

## II.
## JURISDICTION

3. This Court has subject matter jurisdiction over this proceeding because there is complete diversity of citizenship pursuant to 28 U.S.C. §1332. The Plaintiff and the Decedent were at all times residents and citizens of the Commonwealth of Virginia. Garrison is and at all time was a citizen of the State of Texas. The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

4. This Court has personal jurisdiction over Garrison because it is authorized to transact business (and in fact does transact business), within the Commonwealth of Virginia, and specifically within this judicial district.

## III.
## FACTS

5. Plaintiff adopts and incorporates the allegations contained in Paragraphs 1 through 4 of her Complaint above, as if fully set forth herein.

6. Garrison issued a Virginia personal auto policy to Plaintiff and to the Decedent, as insureds, with a policy period from May 29, 2010 to November 29, 2010 (the "Policy").

7. A true and correct copy of the Policy is attached hereto as **Exhibit 2** (although personal identifiers have been redacted if required).

8. The Decedent was involved in an automobile accident that occurred on June 18, 2010 ("Accident"). Decedent died as a result of injuries that he sustained in the Accident. At

the time of the Accident, and at all other material times, the Decedent and Plaintiff were insureds under the USAA Policy and in compliance with all terms and conditions of the Policy.

9. Heather Marie Anderson was the at fault driver in the Accident, who at the time of the Accident was an insured under a policy of liability insurance issued by Allstate Insurance Company (the "Allstate Policy").

10. A copy of the Allstate Policy is attached hereto as **Exhibit 3** (although personal identifiers have been redacted if required).

11. Under the Allstate Policy, Allstate's limit of liability for bodily injury to a single driver *i.e.* the Decedent, is $100,000. Allstate has offered to pay its policy limits of $100,000. **Exhibit 4**.

12. The Policy promised underinsured motorist coverage ("UIM") under the Insuring Agreement in Part C of the Policy.

13. Either pursuant to the Policy's plain terms, or as interpreted in Plaintiff's favor because the Policy terms are ambiguous, Garrison is obligated to make UIM payments to the Plaintiff as a result of the Accident.

>(a) Under the Policy's "Definitions," the Anderson vehicle was an "underinsured motor vehicle" and the Westveers were an "Insured."
>
>(b) Under the Policy's "Insuring Agreement," Garrison agreed to pay Plaintiff damages which Plaintiff is legally entitled to recover from the owner or operator of the underinsured motor vehicle;
>
>(c) None of the Policy's "Exclusions" are applicable; and
>
>(d) The Policy's "Limit of Liability" (i) does not provide Garrison an offsetting credit against its limit of liability for UIM coverage, but rather only permits a

credit against the total damages that Plaintiff sustained; and (ii) the "Limit of Liability" provision does not unambiguously preclude intra-policy stacking of the Part C coverage.

14. Plaintiff has demanded that Garrison provide UIM coverage, but Garrison refuses to do so despite demand. **Exhibit 5**.

15. All conditions, obligations and requirements for the Plaintiff to be entitled to receive the disputed UIM payment under the Policy have been met, satisfied or waived.

## IV.
## ACTION FOR DECLARATORY JUDGMENT

16. Plaintiff adopts and incorporates the allegations contained in Paragraphs 1 through 15 above, as if fully set forth herein.

17. An actual case or controversy exists between the Plaintiff and Garrison concerning the scope of UIM coverage under the Policy, and therefore the dispute is justiciable under the Declaratory Judgment Act, 28 U.S.C.§ 2201 *et seq. See, e.g., White v. National Union Fire Ins. Co.*, 913 F.2d 165, 167-68 (4th Cir. 1990) (holding that an insureds' action against their automobile insurer, concerning the amount of underinsured motorist coverage available under their policy, was the proper subject of a declaratory judgment action, even when the underlying tort feasor's liability had not been determined).

18. Despite demand, Garrison has refused to acknowledge Plaintiff's right to UIM coverage under the Policy and has further denied that it is obligated to make any payment to Plaintiff under the terms of the UIM section of the Policy.

19. Plaintiff requests that the Court construe, interpret and/or apply the plain terms of the Policy and to declare the party's rights and obligations thereunder, in this declaratory judgment action.

20. The amount of UIM coverage to which Plaintiff is entitled under the Policy is no less than $100,000, and further alleged to be in the amount of $1,250,000 (which latter amount is coverage for three vehicles stacked as stated in the Policy's Declarations page).

21. Pursuant to Virginia Code Section 38.2-209, Plaintiff requests her attorney's fees and costs in the event that the Court determines that such fees and costs are appropriate under the circumstances.

WHEREFORE, the Plaintiff, Shirley A. Westveer, Administrator of the Estate of Arthur E. Westveer, Jr., respectfully requests this Honorable Court to issue a declaratory judgment as to the party's rights under the Policy; to grant Plaintiff her costs and attorney's fees expended herein in accordance with Va. Code Section 38.2-209; and to grant such other and further relief as the Court deems fit and proper under the circumstances.

TRIAL BY JURY IS DEMANDED.

DATED: May 9, 2011

Respectfully submitted,

SHIRLEY A. WESTVEER, ADMINISTRATOR OF THE ESTATE OF ARTHUR E. WESTVEER, JR. By:_____

John S. Wilson (VSB No. 28775)
Counsel for Plaintiff
Wilson & McIntyre, PLLC
500 E. Main Street, Suite 920
Norfolk, Virginia 23510
Telephone: (757) 961-3977
Facsimile: (757) 961-3966
jwilson@wmlawgroup.com